IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DONNA R. STARR,

        Plaintiff,

v.                                                     Civil Action No. 2:09CV59
                                                   (Judge Maxwell)

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## **REPORT AND RECOMMENDATION THAT PETITION TO PROCEED*IN FORMA PAUPERIS* BE DENIED**

### I. Facts

Plaintiff, Donna R. Starr, (Claimant), filed her Complaint on May 11, 2009, seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[1] On the same date, Claimant filed an Application to Proceed In Forma Pauperis and an Affidavit in support of the Application. In her application, the Claimant states that she is married and has one dependent, a grandchild. In addition, she states that she is receiving $3200 per month in disability income and that her husband is receiving retirement in the amount of $1465 per month. In addition, she and her spouse have CDs and savings in the amount of $21,000. In addition her husbands retirement fund totals $300,000. Concerning property, the Claimant states she owns a $200,000 home and other real estate valued at $20,000 and two vehicles. Concerning debts and monthly bills, the Claimant states that she has monthly expenses totalling

---

[1] Docket Number 1.

$2008.50.

## II. Standards

1.  <u>Social Security - IFP - Statute</u>.  "Any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by any person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).

2.  <u>Social Security - IFP - Duty of Court</u>.  If IFP is granted, the officers of the court shall issue and serve all process.  28 U.S.C. § 1915(d).

3.  <u>Social Security - IFP - Sufficiency of Affidavit</u>.  An affidavit is sufficient where it states that because of his poverty, the affiant cannot meet court costs and "still be able to 'provide himself and his dependents with the necessities of life.'" <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 203 (1993) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339 (1948)).  However, the affiant need not show that he is "absolutely destitute" to qualify for IFP status.  <u>Adkins</u>, 335 U.S. at 340.  In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty."  <u>United States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981).  Lastly, the district court has the discretion to make a factual inquiry into the affiant's financial status and to deny a request to proceed IFP when the party is "unable, or unwilling, to verify his poverty."  <u>Id</u>.

## III. Discussion

The Claimant's Application to Proceed In Forma Pauperis was on a form provided by the

Clerk of the Northern District of West Virginia. The form was completely and properly filled out and permitted the undersigned to analyze the Claimant's current financial condition. It appears that the Claimant, with her husband's support, receives approximately $4,665 a month in income and has monthly debts in the amount of $2008.50. After taking into account the costs of daily living and monthly utility bills, the undersigned finds the Claimant has sufficient assets to pay the filing fee in her Social Security appeal.

## IV. Recommendation

It is recommended that the Claimant's application to proceed *in forma pauperis* be DENIED.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: May 13, 2009

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE